# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case No. 1:02CR00044-001 |
| v. | ) ) | **OPINION** |
| **CHRISTOPHER LINEBERRY,** | ) ) ) | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | ) |  |

*Christopher Lineberry, Pro Se Defendant.*

Defendant Christopher Lineberry, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). I find that the motion is untimely and will accordingly dismiss it.

I

Lineberry pleaded guilty on August 1, 2002, to one count of knowingly possessing with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999). On October 18, 2002, I sentenced Lineberry to 235 months imprisonment. Lineberry signed the present § 2255 motion on March 31, 2008. In his motion, he contends that his sentence was wrongfully enhanced based on a finding that he possessed a firearm in connection with his drug offense,

as he is actually innocent of possessing that firearm. He submits an affidavit from his mother, who is also incarcerated, stating that she purchased the firearm in question and that she signed a written statement to that effect before Lineberry's guilty plea. Lineberry also argues that trial counsel should have presented his mother's testimony or statement in arguing at sentencing against the enhancement for firearm possession. Lineberry asserts that his mother's affidavit, dated February 5, 2008, is new evidence of his actual innocence that should entitle him to bring his claims nearly six years after he was sentenced.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). A defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

If the district court gives a defendant notice that his 2255 motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion unless the defendant demonstrates some ground warranting equitable tolling. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). "To be entitled to equitable tolling, [defendant] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (finding that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Applying these principles to the present case, I find that Lineberry's § 2255 motion was not timely filed under § 2255(f)(1). Lineberry's conviction became final on November 1, 2002, ten business days after entry of judgment on October 18, 2002. *See* Fed. R. App. P. 4(b)(1)(A) (allowing ten days from entry of judgment for defendant to file notice of appeal in criminal case). Thus, the filing period under § 2255(f)(1) began to run on November 1, 2002, and expired one year later, on November 3, 2003. At the earliest, Lineberry filed his motion on March 31, 2008, the date on which he signed it and presumably delivered it to prison authorities for mailing to the court.[1] Clearly, then, Lineberry did not file his motion within the period dictated under § 2255(f)(1).

Lineberry apparently argues that under § 2255(f)(4), his one-year opportunity to file a § 2255 motion should run from the date on which he obtained "new evidence"—his mother's affidavit regarding her purchase of the firearm. I find no merit to this argument, because Lineberry presents no new evidence as defined under this subsection. Lineberry's own allegations and his mother's affidavit itself indicate that Lineberry and his attorney knew even before the guilty plea hearing that the defendant's mother claimed to be the true purchaser of the firearm at issue in his case.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that prisoner's notice of appeal from denial of habeas relief was filed when he delivered it to prison authorities for mailing to the court).

- 4 -

Indeed, Lineberry submits with his motion a letter from his counsel, dated August 21, 2006, explaining that the government, in exchange for a guilty plea to other charges, had agreed to drop a separate charge against Lineberry for possessing the gun, but that the prosecutor refused to exclude all evidence relating to the gun from "relevant conduct" for sentencing purposes. (Pet. Ex. 2.) According to counsel's letter, the prosecutor stated, "if [Lineberry] did not agree to the Plea Agreement with the relevant conduct they would proceed with all charges against [him]." (*Id.*) Counsel then told Lineberry that "the fact that even if [he] were found not guilty on the firearms charge [he] would not receive acceptance of responsibility and [would] end up with a more severe sentence than by taking the Plea Agreement." (*Id.*)

In light of the fact that Lineberry was well aware at the time of sentencing of his mother's willingness to claim responsibility for purchasing the gun, her newly minted affidavit cannot constitute "new evidence" only first discoverable "through the exercise of due diligence" in February 2008. Thus, Lineberry fails to present any "new evidence" as contemplated by § 2255(f)(4), and I cannot calculate his § 2255 filing period under that subsection.

Lineberry does not offer any viable argument on which his filing period could be calculated under § 2255(f)(2) or (3). He also makes no viable argument in support of equitable tolling in his case. In response to the court's order warning him of the

- 5 -

Case 1:02-cr-00044-JPJ   Document 33   Filed 05/16/08   Page 5 of 6   Pageid#: 108

likely untimeliness of his motion, he relied on his "new evidence" argument and a vague assertion that it would be a miscarriage of justice to allow him to serve a longer sentence when he was actually innocent of the conduct on which the court enhanced the sentence. This argument ignores Lineberry's own evidence that he pleaded guilty, knowing that the possession of the firearm would be considered as relevant conduct for sentencing purposes. I find that it would be a miscarriage of justice if Lineberry could now use his alleged "innocence" of possessing the gun to circumvent the very plea agreement for which he bargained and by which he benefitted in other ways.

III

For these reasons, I find no ground upon which the present motion might be deemed timely filed. Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

DATED: May 16, 2008

/s/ JAMES P. JONES
Chief United States District Judge